UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GINA WILLIAMS,

                      Plaintiff,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY
CAROLYN JASPER, CESAR GONZALEZ,
MATTHEW HOFFMAN, RODNEY DAVIS,
THELMA WATKINS.

                      Defendants.
------------------------------------------------------------------x

Civ. No. 18-5912 (RJS)

ANSWER OF
DEFENDANTS
NEW YORK CITY
HOUSING AUTHORITY,
CAROLYN JASPER, CESAR
GONZALEZ, MATTHEW
HOFFMAN, RODNEY
DAVIS, and THELMA
<u>WATKINS</u>

Defendants New York City Housing Authority ("NYCHA"), Carolyn Jasper ("Jasper") Cesar Gonzalez ("Gonzalez"), Matthew Hoffman ("Hoffman"), Rodney Davis ("Davis") and Thelma Watkins ("Watkins"), collectively known as "Defendants," by their attorney, Kelly D. MacNeal, General Counsel, New York City Housing Authority, (Judith J. Jenkins, of counsel), answer the amended complaint as follows:

    1.    Deny the allegations in paragraph 1, except admit NYCHA records show Plaintiff's last known address is 146-17 182nd Street, Springfield Gardens, New York 11413.

    2.    Deny the allegations in paragraph 2, except admit NYCHA's principal office is located at 250 Broadway, New York, New York.

    3.    Deny the allegations in paragraph 3, except admit this Court has jurisdiction over this action.

    4.    Deny the allegations in paragraph 4, except admit Plaintiff purports to proceed as stated therein.

5. Deny the allegations in paragraph 5, except admit NYCHA records show Plaintiff self-identified as African-American, began her employment with NYCHA on May 4, 1992, and has been in the title of Residential Buildings Superintendent since May 2013.

6. Deny the allegations in paragraph 6.

7. Deny the allegations in paragraph 7.

8. Deny the allegations in paragraph 8, except admit Cesar Gonzalez issued plaintiff a counseling memorandum dated January 23, 2017 and refer the Court to that counseling memorandum for its complete and accurate content.

9. Deny the allegations in paragraph 9, and respectfully refer the Court to the authorities referenced therein for their complete and accurate content.

10. Deny the allegations in paragraph 10, except admit Xenia Rivera issued plaintiff a counseling memorandum dated January 30, 2017 and refer the Court to that counseling memorandum for its complete and accurate content.

11. Paragraph 11 of the amended complaint in part alleges legal conclusions as to which no response is required. To the extent a response is required, deny the allegations n paragraph 11, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the authorship of the letter referenced therein; admit NYCHA received a copy of the letter referenced therein; and respectfully refer the Court to the letter and NYCHA's response for their complete and accurate content.

12. Deny the allegations in paragraph 12, except admit Hoffman issued Plaintiff a counseling memorandum dated April 26, 2017 and respectfully refer the Court to that counseling memorandum for its complete and accurate content.

13. Deny the allegations in paragraph 13.

14. Deny the allegations in paragraph 14, except admit that on June 28, 2017, NYCHA conducted a local hearing against Plaintiff.

15. Deny the allegations in paragraph 15, except admit the hearing resulted in a reprimand and respectfully refer the Court to Exhibit G to the amended complaint for its complete and accurate content.

16. Deny the allegations in paragraph 16, except admit Hoffman issued Plaintiff a counseling memorandum dated December 19, 2017 and respectfully refer the Court to that counseling memorandum for its complete and accurate content.

17. Deny the allegations in paragraph 17, except admit Lambert-Watkins issued Plaintiff a counseling memorandum dated January 29, 2018 and respectfully refer the Court to that counseling memorandum for it complete and accurate content.

18. Deny the allegations in paragraph 18, except admit Lambert-Watkins issued Plaintiff a counseling memorandum dated May 7, 2018 and respectfully refer the Court to that counseling memorandum for its complete and accurate content.

19. Deny the allegations in paragraph 19.

### AS AND FOR A FIRST DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD DEFENSE

Each and every action taken by the Defendants with respect to Plaintiff was taken for legitimate, non-discriminatory and non-retaliatory reasons and Defendants would have taken the same actions in the absence of any protected conduct by Plaintiff.

## AS AND FOR A FOURTH DEFENSE

Punitive damages are not recoverable against NYCHA.

## AS AND FOR A FIFTH DEFENSE

NYCHA has promulgated an equal employment opportunity policy which prohibits discriminatory harassment based upon gender, among other classifications, and retaliation.

## AS AND FOR A SIXTH DEFENSE

Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff cannot establish a basis for individual liability of Defendants Jasper, Gonzalez, Hoffman, Davis, and Lambert-Watkins under Title VII of the Civil Rights Act of 1964, 42, U.S.C. § 2000, the N.Y.C. Administrative Code, N.Y.C. Admin. Code § 8-101, and the New York Executive Law, N.Y. Exec. Law § 290.

## AS AND FOR AN EIGHTH DEFENSE

In the event liability is found, NYCHA can satisfy the requirements of Section 8-107(13) of the Administrative Code.

## AS AND FOR A NINTH DEFENSE

Plaintiff failed to file a timely Charge of Discrimination with the EEOC as to some or all of the alleged acts.

**WHEREFORE**, Defendants demand judgment against Plaintiff dismissing the complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 13, 2018

                                      KELLY D. MACNEAL
                                      General Counsel
                                      New York City Housing Authority
                                      Attorney for Defendants
                                      250 Broadway, 9th Floor
                                      New York, New York 10007
                                      (212) 776-5130

By:    _____
          Judith J. Jenkins

To:    Gina Williams
        Plaintiff *Pro Se*
        146-17 182nd Street
        Springfield Gardens, N.Y. 11413

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
                  : SS.:
COUNTY OF NEW YORK)

I, **Maria Vigario**, being duly sworn, depose and say: I am not a party to this proceeding, I am over EIGHTEEN (18) years of age and I am employed by the New York City Housing Authority at 250 Broadway, New York, New York 10007. On September 13, 2018, I served the within **Answer of Defendant New York City Housing Authority, Carolyn Jasper, Cesar Gonzalez, Matthew Hoffman, Rodney Davis, and Thelma Watkins** upon:

**Gina Williams**
**146-17 182nd Street**
**Springfield Gardens, New York 11413**

by placing a true copy of these papers in a postage paid properly addressed envelope, addressed as set forth above, and depositing it in a receptacle under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Maria Vigario

Sworn to before me this
13th day of September 2018

_____
NOTARY PUBLIC

MICHAEL SHAWN MEENAGHAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ME4902301
Qualified in Kings County
Commission Expires November 19, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

GINA WILLIAMS,                                             Civ. No. 18-5912 (RJS)

                          Plaintiff,

        - against -

NEW YORK CITY HOUSING AUTHORITY,
CAROLYN JASPER, CESAR GONZALEZ, MATTHEW
HOFFMAN, RODNEY DAVIS, THELMA WATKINS,

                          Defendants.
_____

---

## ANSWER OF DEFENDANTS NEW YORK CITY HOUSING AUTHORITY, CAROLYN JASPER, CESAR GONZALEZ, MATTHEW HOFFMAN, RODNEY DAVIS, AND THELMA WATKINS

---

**KELLY D. MACNEAL**
**General Counsel**
**Attorney for Defendants**
NEW YORK CITY HOUSING AUTHORITY
250 Broadway, 9th Floor
**Borough of Manhattan**          New York, NY 10007
212 776-5130
**Judith J. Jenkins, of Counsel**