

**NEW YORK CITY HOUSING AUTHORITY
LAW DEPARTMENT**
250 BROADWAY • NEW YORK, NY 10007

http:/nyc.gov/nycha

**STANLEY BREZENOFF**
Interim Chair & CEO

WRITER'S DIRECT LINE
212-776-5043

September 28, 2018

**VIA ELECTRONIC MAIL & ECF**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007
SullivanNYSDChambers@nysd.uscourts.gov

    Re:    *Gina Williams v. New York City Housing Authority et al.*
             18 CV 5912 (RJS)(HBP)

Dear Judge Sullivan:

    The parties submit this joint letter to the Court in advance of the initial conference scheduled for October 5, 2018. *Pro se* Plaintiff Gina Williams ("Plaintiff" or "Williams") is employed by the New York City Housing Authority ("NYCHA") as a Resident Buildings Superintendent at NYCHA's Pomonok Houses in Queens, New York. Defendants NYCHA, Carolyn Jasper, Cesar Gonzalez, Matthew Hoffman, Rodney Davis, and Thelma Watkins (collectively "Defendants") are represented by their attorney, Kelly D. MacNeal, NYCHA's Executive Vice President for Legal Affairs and General Counsel.

### Plaintiff's Statement of the Nature of this Action

    The nature of this action is employment discrimination of a hostile work environment, retaliation, conspiracy to injure Plaintiff and terminate her employment in violation of 42 U.S.C. Section 1983 due to custom policy practices, fraud and deception and negligence towards Plaintiff's health and safety and constitutionally protected rights. Selective enforcement due to Plaintiff being the only employee disciplined for a defective work order where other employees had the same issues and were not disciplined. Defendant NYCHA fails to train employees and promotes unqualified employees.

    Intervention from United States Attorney General based on cited cases - Consent Decree: *United States of America v. New York City Housing Authority*, 18 Civ. 5213, and April 24, 2018 City Council meeting transcript of the Committee on Public Housing held at Council Chambers - City Hall.

Defendant NYCHA and the non-municipal defendants were functioning as supervisors over Plaintiff, which is acting in color of law over Plaintiff pursuant to 42 U.S.C. Section 1983.

Defendant transferred Plaintiff to another work assignment based on gender. Plaintiff's premature transfer to Pomonok Houses where male Superintendents are allowed to stay at their locations for five years and more. This action constitutes selective enforcement of work rules, *see Jones v. Genwens*, 874 F.2d 1534, 1537-41 (11th Cir. 1989), which resulted in reprimand, a cognizable adverse employment action. *See Southard vs. Texas Board of Criminal Justice*, 114 F.3d 539 (1987). Defendants ridicule of Plaintiff in front of coworkers is cognizable under Section 1983. *See Carrero v. New York City Housing Authority*, 890 F.2d 569, 577 (2d Cir. 1989).

Plaintiff's issues were submitted to the Chairperson Shola Olatoye, who was a policy maker. A municipality is liable under 42 U.S.C. Section 1983 where the actions of which the plaintiff complains were undertaken by a municipal policymaker. *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). Defendant NYCHA has recently been found violating health and safety procedures while performing assignments. Plaintiff has clearly proven her case of municipal liability pursuant to official municipal policy. *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

**Defendants' Primary Defenses**

Defendants deny they discriminated against Plaintiff based upon her race or gender or retaliated against her for engaging in protected activity.

To state a claim under Title VII of the Civil Rights Act of 1964, an employee must show that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position she held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." *Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010); *see* 42 U.S.C. § 2000e *et seq*. In the event that the employee can satisfy the aforementioned *prima facie* elements (Williams cannot), the burden shifts to the employer to articulate (not prove) some legitimate, nondiscriminatory reason for the challenged action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). If the employer meets its burden, the employee must show the employer's reason is pretextual. *See id*. Merely establishing that the employer's articulated reason is not credible will not satisfy the third step of this analytical framework. Rather, the employee must affirmatively demonstrate "both that the reason for the employment decision was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).

Williams cannot establish a *prima facie* case of race or gender discrimination. Her transfer does not constitute an adverse employment action and did not occur under circumstances giving rise to an inference of discrimination. Williams' title, compensation and duties did not change when she transferred from one NYCHA development to another within the Queens/Staten Island Property Management Department. Carolyn Jasper, the Department Director who selected Williams for transfer, is also an African American woman, which drastically undermines any claim of discrimination. Even if Williams could establish a *prima facie* case, she cannot demonstrate the legitimate, non-discriminatory reason for her transfer—that Jasper wanted an experienced Resident Buildings Superintendent for maintenance operations at Pomonok—is a pretext for discrimination.[1]

---

[1] To prevail on a claim under section 1983, the plaintiff must prove two critical points: a person subjected the plaintiff

Williams also cannot state a claim for retaliation under Federal or State law. "To make out a prima facie case of retaliation, an employee must demonstrate that (1) [she] engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action;[2] and (4) there was a causal connection between the protected activity and that adverse action." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (per curiam) (citation omitted) (internal quotations omitted). If an employee articulates a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the alleged materially adverse action. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). Once an employer has done so, the employee must show that, but for the protected activity, she would not have suffered the adverse employment action. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) (holding plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer").

Similarly, to establish a *prima facie* case of retaliation under the New York City Human Rights Law ("NYCHRL"), "a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct." *Cho v. Young Bin Cafe*, 42 F. Supp. 3d 495, 506 (S.D.N.Y. 2013) (quoting *Brightman v. Prison Health Serv., Inc.*, 108 A.D.3d 739 (2d Dep't 2013)) (internal quotations omitted).

Even if Williams could establish a *prima facie* case (she cannot), Defendants can articulate a legitimate, non-discriminatory reason for reprimanding her. Moreover, Williams cannot demonstrate that alleged retaliation bore any causal connection to her purported protected activities.

**Jurisdiction and Venue**

This Court has subject matter jurisdiction over this action pursuant to Title VII of the Civil Rights Act and 42 U.S.C. Section 1983. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Section 1391(b) because it is the district in which Defendant NYCHA has its principal place of business.

**Deadlines**

There are no existing deadlines or due dates in this matter.

**Discovery**

No discovery has taken place yet in this matter.

---

to conduct that occurred under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution. Williams has no section 1983 claim because, as stated above, there is no violation of Federal law.

[2] An action is materially adverse if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006) (quotation and internal quotations omitted).

**Settlement Discussions**

There have not yet been any settlement discussions between the parties.

**Other Information**

The parties are working to prepare a proposed Civil Case Management Report and Scheduling Order to be provided to the Court before the initial conference on October 5, 2018. Plaintiff requires additional time to review the Civil Case Management Report and Scheduling Order. We apologize for the delay.

There is no other information the parties wish to provide the Court at this time.

Respectfully submitted,

Nabiha Rahman, Esq.

cc: Gina Williams (via electronic and regular mail)
146-17 182nd Street
Springfield Gardens, NY 11413
(347) 886-7802
ginawms@verizon.net