

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
250 BROADWAY• NEW YORK, NY 10007

http:/nyc.gov/nycha

NEW YORK CITY
**HOUSING**
**AUTHORITY**

**KATHRYN GARCIA**
Interim Chair & CEO

WRITER'S DIRECT LINE
212-776-5043

February 21, 2019

**VIA ECF**

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**   *Gina Williams v. New York City Housing Authority et al.*
            **18 CV 5912 (JGK)**

Dear Judge Koeltl:

    I am an attorney with the New York City Housing Authority ("NYCHA") Law Department, and I represent Defendants NYCHA, Carolyn Jasper, Cesar Gonzalez, Matthew Hoffman, Rodney Davis, and Thelma Watkins (collectively "Defendants") in the above-referenced matter.  I write to request a discovery conference to resolve discovery disputes between Defendants and *pro se* Plaintiff Gina Williams ("Plaintiff").

    By correspondence dated December 31, 2018 and February 1, 2019, I outlined Plaintiff's deficiencies regarding her initial discovery protocols, amended response to Defendants' First Set of Demands, and response to Defendants' First Set of Interrogatories.    Additionally, I have advised Plaintiff that if she requires assistance with discovery matters, she may contact the United States District Court, Southern District of New York's Pro Se Intake Unit.

**INITIAL DISCOVERY PROTOCOLS**

    After repeatedly reminding Plaintiff of her obligation to abide by this Court's Initial Discovery Protocols, in Plaintiff's "Pilot Discovery Protocols" dated January 23, 2019, she failed to identify the individuals who she believes have knowledge of the facts concerning the claims or defenses at issue in this lawsuit and briefly describe that knowledge as required by Part 2(3)(a) of the Initial Discovery Protocols for Employment Cases Alleging Adverse Action.  Instead, she responded "Gina Williams, NYCHA Pomonok Staff, NYCHA Office of Security, Teamsters Local 237."  By correspondence dated February 1, 2019, Defendants requested that Plaintiff revise her response to comply with the requirements set forth in Part 2(3)(a).  To date, Plaintiff has not responded to Defendants' request.

---

The Honorable John G. Koeltl
February 21, 2019
Page 2

## INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b)(2), Plaintiff must respond to Defendants' First Set of Interrogatories within 30 days after being served with the interrogatories. Defendants' interrogatories were served on November 2, 2018. By e-mail dated December 4, 2018, I informed Plaintiff her responses to Defendants' interrogatories were overdue. The same day, she responded she would produce her responses by December 26, 2018. Having still not received Plaintiff's responses, by correspondence dated December 31, 2018 and February 1, 2019, Defendants reminded Plaintiff of her obligation to respond to the interrogatories and enclosed a courtesy copy of Defendants' First Set of Interrogatories. Defendants are still not in possession of Plaintiff's responses.

## DOCUMENT DEMANDS

Plaintiff's amended responses dated January 23, 2019[1] to request numbers 4, 5, 9, 14, 15, 20, 21, 26, and 30 in Defendants' First Set of Demands for Discovery and Inspection fail to comport with Federal Rule of Civil Procedure 34(b)(2) because she did not produce responsive documents, object, or indicate she has no responsive documents in her possession, custody, or control. By correspondence dated February 1, 2019, Defendants requested that Plaintiff address these deficiencies. To date, Plaintiff has not responded to Defendants' request.

Defendants seek the Court's assistance in resolving these matters. Thank you for your consideration.

Respectfully submitted,

Nabiha Rahman

cc:   Gina Williams (via Electronic & First-Class Mail)
      146-17 182nd Street
      Springfield Gardens, NY 11413
      (347) 886-7802
      ginawms@verizon.net

---

[1]   Served in response to Defendants' December 31, 2018 deficiency letter.