UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
GINA WILLIAMS,                                   Civ. No. 18-5912 (JGK)(RWL)

                          Plaintiff,       **DECLARATION OF JANE E.**
   - against -                                        **LIPPMAN IN SUPPORT OF**
                                                        **MOTION TO WITHDRAW**

NEW YORK CITY HOUSING AUTHORITY,
CAROLYN JASPER, CESAR GONZALEZ,
MATTHEW HOFFMAN, RODNEY DAVIS, and
THELMA WATKINS,

                          Defendants.
-------------------------------------------------------------

      JANE E. LIPPMAN, declares, pursuant to 28 U.S.C. § 1746, as follows:

      1.  I am an attorney in the Law Department of Defendant New York City Housing Authority ("NYCHA") and Of Counsel to Executive Vice President for Legal Affairs and General Counsel Kelly D. MacNeal. I submit this declaration in support of NYCHA's Motion to Withdraw as Counsel for Defendant Thelma Watkins Pursuant to Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York, based upon information and documents obtained from the books and records of NYCHA and my own knowledge of the matters asserted herein.

      2.  Plaintiff Gina Williams ("Plaintiff") commenced this employment discrimination and retaliation action in New York Supreme Court, New York County, on May 22, 2018, against NYCHA, Carolyn Jasper, Cesar Gonzalez, Matthew Hoffman, Rodney Davis, and Thelma Watkins. A copy of the Summons as to all Defendants and an Amended Complaint was received by the NYCHA Law Department on May 31, 2018.

3. The NYCHA Law Department offered representation to each individual Defendant in this action pursuant to Public Housing Law Section 402-a(2). A representation letter dated June 27, 2018 from the General Litigation Division of the NYCHA Law Department was provided to Ms. Watkins. All Defendants, including Ms. Watkins, accepted representation in writing pursuant to the terms of their representation letters.

4. On June 29, 2018, Defendants removed the action to the United States District Court for the Southern District of New York on the basis of federal question jurisdiction, 28 U.S.C. Section 1331.

5. On August 30, 2018, Plaintiff filed an Amended Complaint, which Defendants answered on September 13, 2018.

6. On September 27, 2018, my former colleague Nabiha Rahman appeared in this action on behalf of all Defendants after the original attorney handling the case, Judith Jenkins, left NYCHA. On April 5, 2019, my colleague Gregory Glickman also appeared in this action on behalf of all Defendants.

7. Ms. Rahman left the NYCHA Law Department and moved to withdraw her representation of Defendants. The Court granted Ms. Rahman's motion on August 2, 2019. Mr. Glickman is currently on medical leave.

8. Plaintiff is the Resident Buildings Superintendent at Pomonok Houses, a NYCHA development in Queens. Defendant Thelma Watkins is the Housing Manager at Pomonok Houses and supervises Plaintiff. The Amended Complaint alleges that Ms. Watkins wrongfully issued Plaintiff two counseling memoranda in January and May 2018 for misconduct, failure to perform, and failure to supervise staff. These counseling memoranda are annexed to the Amended Complaint as exhibits.

9. On August 5, 2019, I filed a Notice of Appearance in this action. Shortly thereafter, it came to my attention that on July 11, 2019, the NYCHA Employee Disciplinary Division, which is part of the NYCHA Law Department, served Ms. Watkins with disciplinary charges for violating the NYCHA General Regulations of Behavior, in anticipation of a Civil Service Law Section 75 General Trial commencing on September 11, 2019. Ms. Watkins will be represented by her own counsel in her General Trial.

10. It further came to my attention that on July 11, 2019, the NYCHA Employee Disciplinary Division also preferred disciplinary charges against Plaintiff for violating the NYCHA General Regulations of Behavior, in anticipation of a Civil Service Law Section 75 General Trial also commencing on September 11, 2019. Plaintiff will be represented by her own counsel in her General Trial.

11. On August 12, 2019, I sent Ms. Watkins a letter via overnight mail to her mailing address in Human Resources' records. In my letter, I explained that NYCHA's recent service of disciplinary charges against her required that NYCHA seek to withdraw from its representation of her in Plaintiff's action due to a conflict of interest. I also discussed the terms of Ms. Watkins' June 27, 2018 representation letter and cited the New York Rules of Professional Conduct as a source of guidance with respect to the existence of a conflict of interest and the need to withdraw as her counsel. I further advised Ms. Watkins that should the Court grant NYCHA's Motion to Withdraw, she would need to find an attorney to defend her in this action. I confirmed with Ms. Watkins over the telephone that she received my letter.

12. On August 13, 2019, Plaintiff filed a letter (docket entry no. 46) informing the Court of Ms. Watkins' disciplinary hearing and her opinion as to the existence of a conflict of interest.

13. The parties have jointly agreed to seek a three-month adjournment of the August 30, 2019 discovery deadline and subsequent deadlines from Magistrate Judge Lehrburger. It is the parties' hope that this will be sufficient time for the Court to rule on NYCHA's motion, for Ms. Watkins to obtain her own representation should the Court grant the motion, and for the parties to complete discovery.

14. NYCHA is not asserting any retaining or charging liens against Ms. Watkins.

15. My office will serve this Motion and all supporting papers, as filed on ECF, along with all unpublished cases, on both Ms. Watkins and Plaintiff Williams via overnight mail.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 19, 2019

      /s/ *Jane E. Lippman*
      Jane E. Lippman (JL7461)

TO:   Gina Williams, Plaintiff *Pro Se* (via overnight mail),
       Thelma Lambert-Watkins (via overnight mail)