UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

GINA WILLIAMS,                                                                          Civ. No. 18-5912 (JGK)(RWL)

                                  Plaintiff,

      - against -

NEW YORK CITY HOUSING AUTHORITY,
CAROLYN JASPER, CESAR GONZALEZ,
MATTHEW HOFFMAN, RODNEY DAVIS, and
THELMA WATKINS,

                                 Defendants.

---------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF NEW YORK CITY HOUSING AUTHORITY'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT THELMA WATKINS

                                                    KELLY D. MACNEAL
                                                    EVP for Legal Affairs and General Counsel
                                                    New York City Housing Authority
                                                    Attorney for Defendants
                                                    250 Broadway, 9th Floor
                                                    New York, New York 10007

Jane E. Lippman
Of Counsel

# **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT
AND BACKGROUND FACTS ........................................................................................1

ARGUMENT .....................................................................................................................3

    I.      A Conflict Of Interest Among Current Clients Requires That
            NYCHA Seek The Court's Permission To Withdraw As
            Ms. Watkins' Counsel Pursuant To Local Rule 1.4.................................................3

    II.     The Parties Will Request A Three-Month Adjournment Of The
            August 30, 2019 Discovery Deadline And Other Deadlines
            From Magistrate Judge Lehrburger ........................................................................5

CONCLUSION ...................................................................................................................5

CERTIFICATE OF COMPLIANCE ..................................................................................7

# **TABLE OF AUTHORITIES**

Pages(s)

**Cases**

*Cohen v. Strouch*, 2011 WL 1143067
(S.D.N.Y. March 24, 2011) ........................................................................................................3

*Ritchie v. Gano*, 2008 WL 4178152
(S.D.N.Y. Sept. 8, 2008) ............................................................................................................3

*Szulik v. Tag Virgin Islands, Inc.*, 2013 WL 6009945
(S.D.N.Y. Nov. 13, 2013) ..........................................................................................................5

**Rules**

N.Y. and E.D.N.Y. L. Civ. R. 1.4 ...............................................................................................1, 3

22 N.Y.C.R.R. § 1200, Rule 1.7 ............................................................................................2, 3, 4

22 N.Y.C.R.R. § 1200, Rule 1.10 ...................................................................................................4

22 N.Y.C.R.R. § 1200, Rule 1.16 ................................................................................................2, 5

Pursuant to Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York, Defendant New York City Housing Authority ("NYCHA") respectfully submits this memorandum of law in support of its Motion to Withdraw as Counsel for Defendant Thelma Watkins in the above-captioned employment discrimination and retaliation action.

## PRELIMINARY STATEMENT AND BACKGROUND FACTS

As set forth more fully in the accompanying Declaration of Jane E. Lippman ("Lippman Dec."), NYCHA seeks leave to withdraw as counsel of record for Defendant Thelma Watkins because a conflict of interest has recently arisen. This conflict prohibits concurrent representation of Ms. Watkins by NYCHA in this action.

Plaintiff Gina Williams ("Plaintiff") is the Resident Buildings Superintendent at Pomonok Houses, a NYCHA development in Queens. Defendant Thelma Watkins is the Housing Manager at Pomonok Houses and supervises Plaintiff. Plaintiff commenced this employment discrimination and retaliation action in New York Supreme Court, New York County in May 2018 against NYCHA, Carolyn Jasper, Cesar Gonzalez, Matthew Hoffman, Rodney Davis, and Thelma Watkins. Defendants removed the action to the Southern District of New York on the basis of federal question jurisdiction. All Defendants are represented by the NYCHA Law Department pursuant to the terms of written representation letters. *See* Lippman Dec. at ¶¶ 2-5, 8.

With respect to Ms. Watkins specifically, the Amended Complaint alleges that Ms. Watkins wrongfully issued Plaintiff two counseling memoranda in January and May 2018 for misconduct, failure to perform, and failure to supervise staff. These counseling memoranda are annexed to the Amended Complaint as exhibits. *See id*. at ¶ 8.

After staffing changes in this case over the past month, it came to the attention of

Defendants' current counsel that on July 11, 2019, the NYCHA Employee Disciplinary Division, which is part of the NYCHA Law Department, served Ms. Watkins with disciplinary charges for violating the NYCHA General Regulations of Behavior in anticipation of a Civil Service Law Section 75 General Trial commencing on September 11, 2019. Ms. Watkins will be represented by her own counsel in her General Trial. *See id.* at ¶¶ 6-7, 9. It further came to the attention of Defendants' counsel that on July 11, 2019, the NYCHA Employee Disciplinary Division also preferred disciplinary charges against Plaintiff for violating the NYCHA General Regulations of Behavior, in anticipation of a Civil Service Law Section 75 General Trial also commencing on September 11, 2019. Plaintiff will also be represented by her own counsel in her General Trial. *See id.* at ¶ 10.

As discussed herein, these developments require that NYCHA seek to withdraw as counsel for Ms. Watkins in this action. New York Rule of Professional Conduct 1.7 prohibits representation of current clients that "will involve the lawyer in representing different interests." NYCHA cannot prosecute Ms. Watkins and Plaintiff for disciplinary charges while simultaneously defending Ms. Watkins in Plaintiff's action. Under these circumstances, NYCHA must withdraw from representation of Ms. Watkins pursuant to New York Rule of Professional Conduct 1.16, as the representation results in a violation of Rule 1.7.

NYCHA has notified Ms. Watkins of this conflict and advised her in writing that it will be seeking to withdraw from her representation. The parties have jointly agreed to seek a three-month adjournment of the August 30, 2019 discovery deadline and subsequent deadlines and will shortly file a request for an adjournment with Magistrate Judge Lehrburger. *See* Lippman Dec. at ¶¶ 11, 13. Accordingly, NYCHA respectfully requests that the Court grant this Motion and permit NYCHA to withdraw as counsel for Defendant Thelma Watkins.

**ARGUMENT**

**I.    A Conflict Of Interest Among Current Clients Requires That NYCHA Seek The Court's Permission To Withdraw As Ms. Watkins' Counsel Pursuant To Local Rule 1.4**

Local Civil Rule 1.4 of the Southern and Eastern Districts of New York permits an attorney of record to be relieved by order of the Court "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."  S.D.N.Y. and E.D.N.Y. L. Civ. R. 1.4.  "New York's Code of Professional Responsibility . . . establishes appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state."  *Ritchie v. Gano*, 2008 WL 4178152, at *3 (S.D.N.Y. Sept. 8, 2008) (citations omitted).

NYCHA's representation of Ms. Watkins in the instant action implicates New York Rule of Professional Conduct 1.7, Conflict of Interest: Current Clients, which prohibits representation that "will involve the lawyer in representing differing interests."  22 N.Y.C.R.R. § 1200, Rule 1.7(a)(1); *cf. Cohen v. Strouch*, 2011 WL 1143067, at *2 (S.D.N.Y. March 24, 2011) ("'One established ground for disqualification is concurrent representation, an attorney's simultaneous representation of one existing client in a matter adverse to another existing client.'").

The NYCHA Employee Disciplinary Division, which is part of the NYCHA Law Department, has preferred disciplinary charges against Ms. Watkins in anticipation of a Civil Service Law Section 75 General Trial commencing on September 11, 2019.  The Employee Disciplinary Division preferred similar charges against Plaintiff.  Plaintiff's Amended Complaint alleges that Ms. Watkins served Plaintiff with counseling memoranda for issues related to poor conditions at Pomonok Houses and her failure to supervise the maintenance staff.  *See* Lippman

3

Dec. at ¶¶ 8-10.  These issues are relevant to the disciplinary charges in Plaintiff's and Ms. Watkins' General Trial.  Plaintiff also filed a letter on August 13, 2019 informing the Court of Ms. Watkins' disciplinary hearing and her opinion as to the existence of a conflict of interest.  *See id*. at ¶ 12

Under these circumstances, a conflict of interest exists.  The NYCHA Law Department may not prosecute Ms. Watkins and simultaneously defend Ms. Watkins against Plaintiff's action. New York Rule of Professional Conflict 1.10: Imputation of Conflicts of Interest, provides, "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as provided therein."  22 N.Y.C.R.R. § 1200, Rule 1.10.  For purposes of this Rule, the term "firm" includes "a government law office or the legal department of a corporation or other organization."  *Id*. at cmt 1.  Although counsel in the instant action is part of the General Litigation Division of the NYCHA Law Department, the Employee Disciplinary Division is also part of the NYCHA Law Department.

Furthermore, Rule 1.7 prohibits waiver of the conflict of interest in this situation.  *See* 22 N.Y.C.R.R. § 1200, Rule 1.7(b)(3) (the lawyer may still represent the client so long as "the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.").  Because NYCHA is prosecuting Ms. Watkins in a Section 75 General Trial, NYCHA may not defend Ms. Watkins in other pending litigation.

NYCHA must therefore seek to withdraw its representation of Ms. Watkins pursuant to New York Rule of Professional Conduct 1.16, Declining or Terminating Representation.  Under Rule 1.16(b)(1), a lawyer "**shall** withdraw from the representation of a client when: (1) the lawyer

knows or reasonably should know that the representation will result in a violation of these Rules or of law." 22 N.Y.C.R.R. § 1200, Rule 1.16 (emphasis added). *See also Szulik v. Tag Virgin Islands, Inc.*, 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013) ("Courts look to New York Rules of Professional Conduct for guidance on motions to withdraw. [Citation.] The Rules distinguish between permissive grounds for withdrawal and mandatory grounds, such as where the continuation of the representation would place the attorney in violation of the Rules."). Because NYCHA's representation of Ms. Watkins creates a conflict of interest, NYCHA must seek to withdraw. Accordingly, there is good cause for the Court to grant this Motion.

## II. The Parties Will Request A Three-Month Adjournment Of The August 30, 2019 Discovery Deadline And Other Deadlines From Magistrate Judge Lehrburger

The parties have agreed to jointly seek a three-month adjournment of the August 30, 2019 discovery deadline and subsequent deadlines from Magistrate Judge Lehrburger. It is the parties' hope that this adjournment will provide sufficient time for the Court to decide NYCHA's motion, for Ms. Watkins to obtain her own representation should the Court grant the motion, and for the parties to complete discovery. *See* Lippman Dec. at ¶ 13.

## CONCLUSION

For the foregoing reasons, NYCHA respectfully requests that the Court grant its Motion to Withdraw as Counsel for Defendant Thelma Watkins.

Dated: New York, New York
August 19, 2019

                                              KELLY D. MACNEAL
                                              EVP for Legal Affairs and General Counsel
                                              New York City Housing Authority
                                              Attorney for Defendants
                                              250 Broadway, 9th Floor
                                              New York, New York 10007
                                              Tel. No. (212) 776-5259
                                              Fax No. (212) 776-5404
                                              Jane.lippman@nycha.nyc.gov

                                              By:    /s/ *Jane E. Lippman*
                                                           Jane E. Lippman (JL7461)


TO:    Gina Williams, Plaintiff *Pro Se* (via overnight mail)
           Thelma Lambert-Watkins (via overnight mail)

## **CERTIFICATE OF COMPLIANCE**

In compliance with Rule 2.D. of the Court's Individual Practices, I hereby certify that this computer-generated Memorandum of Law contains 1429 words, inclusive of point headings and footnotes, and exclusive of the cover page, the certification of compliance, the table of contents, and the table of authorities. I have relied on the word count provided by Microsoft Word. I further certify that this Memorandum of Law complies with the Court's formatting rules.

Dated:   New York, NY
         August 19, 2019

                                       /s/ *Jane E. Lippman*

                                       Jane E. Lippman, Of Counsel