

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
250 BROADWAY• NEW YORK, NY 10007

http:/nyc.gov/nycha

**GREGORY P. RUSS**
Chair & CEO

**KELLY D. MACNEAL**
EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5259

August 20, 2019

*Via ECF*
The Honorable Magistrate Judge Robert W. Lehrburger
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Williams v. New York City Housing Authority, et al.,* No. 18-CV-5912 (JGK)(RWL)

Dear Magistrate Judge Lehrburger:

    I am counsel for Defendants New York City Housing Authority ("NYCHA"), Carolyn Jasper, Cesar Gonzalez, Matthew Hoffman, Rodney Davis, and Thelma Watkins in the above-referenced consolidated matters.

    Defendants write jointly with *pro se* Plaintiff Gina Williams ("Plaintiff") to respectfully request an adjournment of the August 30, 2019 fact discovery deadline, the September 20, 2019 dispositive motion deadline, and the October 11, 2019 pretrial deadlines. Defendants further write to respond to Plaintiff's letter dated July 29, 2019 (docket entry no. 46), pursuant to the Court's August 19, 2019 Order (docket entry no. 47).

    **The Parties Require An Adjournment Of The Discovery And Pretrial Deadlines Due To NYCHA's Motion To Withdraw And Ongoing Discovery**

    This is the parties' second request for an adjournment. The original discovery deadline was February 5, 2019. At that time, Judge Richard Sullivan was presiding over this case. However, on October 29, 2018, Judge John Koeltl was reassigned to this matter. On January 22, 2019, the parties sought and were granted an adjournment of the discovery deadline to May 15, 2019. On April 8, 2019, following an unsuccessful mediation, the Court issued a Civil Scheduling Order, which set forth the August 30, 2019 discovery deadline for which the parties now seek an adjournment.

    The parties require an adjournment of the discovery and other deadlines for several reasons. First, on August 19, 2019, NYCHA filed a motion to withdraw as counsel for Defendant Thelma Watkins pursuant to Southern District of New York Local Civil Rule 1.4 due to a conflict of interest that has recently arisen. *See* docket entry nos. 48-50. The motion addresses the conflict of interest raised in Plaintiff's July 29, 2019 letter to the Court.

Second, ongoing discovery requires an adjournment of the August 30, 2019 discovery deadline and the dispositive motion and pretrial deadlines. Defendants' previous counsel, Nabiha Rahman, recently left NYCHA, and I have been assigned to this matter and need to familiarize myself with the case. Furthermore, the parties are still engaged in written discovery and document exchanges. Ms. Williams has not yet been deposed, and Ms. Williams has indicated that she wishes to take a deposition.

Accordingly, to allow sufficient time for the Court to rule on NYCHA's motion to withdraw, for Ms. Watkins to find an attorney should the Court grant NYCHA's motion, and for the parties to complete discovery, the parties respectfully propose the following schedule:

Discovery shall be completed by **November 29, 2019**;
Dispositive motions shall be completed by **February 7, 2020;**
Pretrial Order/Motions in Limine completed **February 28, 2020**.

### Defendants Will Not Oppose Plaintiff's Request To File A Supplemental Pleading Pursuant to Federal Rule of Civil Procedure 15(d) If The Pleading Contains An Actionable Claim or Claims That Would Survive A Motion To Dismiss

Plaintiff's July 29, 2019 letter to the Court requests permission to file a motion to supplement her complaint pursuant to Federal Rule of Civil Procedure 15(d) "[d]ue to recent incidents of harassment and retaliation being inflicted upon me by some of the defendants in this action and additional NYCHA employees."

Because Plaintiff's July 29, 2019 letter fails to state any facts regarding alleged "recent incidents of harassment and retaliation," Defendants do not know whether Plaintiff's proposed supplemental pleading will "state a claim that could withstand a motion to dismiss." *Katzman v. Sessions*, 156 F.R.D. 35, 38 (E.D.N.Y. 1994). Accordingly, at this juncture, Defendants can neither consent to nor oppose Plaintiff's request to file a supplemental pleading due to the absence of information regarding the proposed contents of such a pleading. Should Plaintiff make a showing that the supplemental pleading will satisfy the requirements of Rule 15(d), however, Defendants will not oppose Plaintiff's request.

Respectfully submitted,

Jane E. Lippman

Jane E. Lippman

cc: Plaintiff Gina Williams (via U.S. mail)