```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
----------------------------------------

GINA WILLIAMS,

                Plaintiff,         18-cv-5912 (JGK)

    - against -              MEMORANDUM OPINION
                                                 AND ORDER
NEW YORK CITY HOUSING AUTHORITY,
ET AL.,

                Defendants.

----------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Gina Williams, brought this action against the New York City Housing Authority ("NYCHA") and several NYCHA employees in their personal and official capacities, alleging retaliation, a hostile work environment, and discrimination on the basis of race and gender, in violation of various provisions of federal and state law. In a thorough Memorandum Opinion and Order dated March 23, 2021, this Court granted the defendants' motions for summary judgment and dismissed nearly all of the plaintiff's claims, with the exception of certain retaliation claims against NYCHA based on a comment that Hearing Officer Fredrika Wilson allegedly made at the plaintiff's June 28, 2017 Local Disciplinary Hearing (the "Local Hearing"). See Williams v. N.Y.C. Hous. Auth., No. 18-cv-5912, 2021 WL 1109842, at *5, *25 (S.D.N.Y. Mar. 23, 2021) ("March 2021 Opinion"). The Court

assumes familiarity with the March 2021 Opinion, including its extensive description of the facts of this case. Id. at *2-8.[1]

The June 28, 2017 Local Hearing at issue arose out of two charges of "incompetency and/or misconduct" lodged against the plaintiff, a former Resident Buildings Superintendent for NYCHA, based on alleged performance issues for which the plaintiff had received counseling memoranda earlier in the year. See id. at *5. The plaintiff was represented at the hearing by a representative of her union, the City Employees Union, Local 237 ("Local 237"), pursuant to a Collective Bargaining Agreement ("CBA") between NYCHA and Local 237 that governed the terms and conditions of the plaintiff's employment at all relevant times. Id. at *3, *5; see CBA, ECF No. 103-26, § 40(c)(vi). At the Local Hearing, Wilson "found [the plaintiff] guilty on one of the two charges, dismissed the second charge, and issued a formal reprimand." March 2021 Opinion, 2021 WL 1109842, at *5. The plaintiff alleges that Wilson, in the presence of the plaintiff's union representative, also told the plaintiff that she "should not have taken her little letter dated February 8, 2017 to the [NYCHA Chairperson] Shola Olatoye." Id. The February 8, 2017 letter to which this alleged comment referred was a letter addressed to the plaintiff's union

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

2

president, with Olatoye and several state and local politicians copied, setting forth the plaintiff's complaints about gender discrimination and other conditions of her employment. Id. at *4. The Court found that, while the plaintiff had failed to adduce evidence of discrimination or retaliation in connection with the decision to bring charges against her, Wilson's alleged comment was sufficient to raise a question of material fact as to whether the Hearing Officer's ruling was rendered in retaliation for the plaintiff's complaints of gender discrimination. Id. at *18-20. For that specific reason, the Court denied the summary judgment motion with respect to the plaintiff's retaliation claims against NYCHA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. ("NYCHRL"). Id. at *20-22.

In response to a subsequent request from NYCHA, this Court allowed NYCHA to make a supplemental motion for summary judgment limited to "the issue of why the alleged comment by the hearing officer cannot support a judgment for the plaintiff against NYCHA as a matter of law." ECF No. 179.[2] Having reviewed the parties'

---

[2] Williams represented herself pro se during briefing on the initial summary judgment motion, but she was represented by counsel in connection with this supplemental summary judgment motion. ECF Nos. 166, 201.

submissions, it is now clear that the Hearing Officer's alleged statement at the Local Hearing cannot serve as the basis for a retaliation claim against NYCHA under Title VII or the NYSHRL. The June 28, 2017 Local Hearing was conducted pursuant to the CBA between the plaintiff's union and NYCHA. See March 2021 Opinion, 2021 WL 1109842, at *5 (explaining that "under the terms of the CBA, minor disciplinary matters are first tried before a neutral Hearing Officer at a 'Local Hearing,' in lieu of a formal hearing under Section 75" of the New York State Civil Service Law). In accordance with the CBA, NYCHA and the plaintiff's union jointly selected Wilson to act as the Hearing Officer, and Wilson's fee for the Local Hearing was split equally between NYCHA and the union. See CBA § 40(c)(iii)(1) ("Local disciplinary cases shall be informal cases heard and decided by neutral hearing officers selected and agreed to by the parties. The fees of the hearing officer shall be apportioned equally between the parties."); see also NYCHA's Rule 56.1 Statement, ECF No. 186, ¶¶ 23, 32, 38.[3]

---

[3] To the extent the plaintiff disputes any of the facts from NYCHA's Rule 56.1 Statement that are cited in this Memorandum Opinion and Order, the sole basis for the purported dispute is the plaintiff's contention that the declarations on which NYCHA relies "are not admissible evidence" and should be stricken. See, e.g., Pl.'s Rule 56.1 Response, ECF No. 195-1, ¶¶ 19, 23, 38. But that argument is meritless. The declarations at issue here, one from Hearing Officer Wilson and the other from a NYCHA Human Resources employee, see ECF Nos. 182, 183, are properly considered on this motion for summary judgment because their contents could be presented in admissible form at trial. See Fed. R. Civ. P. 56(c)(4); Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001) ("Affidavits submitted to defeat summary judgment must be admissible themselves or must contain evidence that

4

The particular Hearing Officer in this case was last employed with NYCHA in 2010, see NYCHA's Rule 56.1 Statement ¶ 19, and the record is devoid of evidence suggesting that Wilson had any other employment or agency relationship with NYCHA at the time of the Local Hearing in June 2017. According to the CBA, the Hearing Officer was authorized to impose only "limited" forms of discipline for "relatively minor infraction(s)," the decision of the Hearing Officer was "final and binding on the parties" and could not be "appealed or grieved," and NYCHA was obligated to implement "any disciplinary penalty that [was] directed by the decision of the hearing officer." CBA § 40(c)(iii), (viii); see March 2021 Opinion, 2021 WL 1109842, at *5 (noting that "[u]nder the CBA, the decision of the neutral Hearing Officer" is "final and binding" and not subject to appeal or challenge).

---

will be presented in an admissible form at trial."); Capitol Recs., LLC v. Escape Media Grp., Inc., No. 12-cv-6646, 2014 WL 12698683, at *4 (S.D.N.Y. May 28, 2014) (describing the circumstances under which declarations are appropriately considered at the summary judgment stage). The plaintiff's related contention that neither of the two declarants were disclosed as witnesses similarly lacks merit. See, e.g., ECF No. 195-2 (defendants' initial disclosures pursuant to Fed. R. Civ. P. 26, which reserved NYCHA's right to call as a witness "any . . . person named or identified in the Amended Complaint," including declarant Wilson); see also ECF No. 187-3 (deposition transcript of the other declarant, who was deposed as NYCHA's witness pursuant to Fed. R. Civ. P. 30(b)(6)). Finally, any suggestion that NYCHA relied on these declarations without authorization is misplaced. The Court gave both parties permission to file "any necessary declarations and supporting evidence" as part of their submissions on this supplemental motion for summary judgment. ECF No. 179.

Under all of the circumstances, there is no reasonable argument that Hearing Officer Wilson acted as an agent for NYCHA at the plaintiff's June 2017 Local Hearing, or that her alleged comment can be imputed to NYCHA. Similarly, there is no evidence that the outcome of the Local Hearing, the Hearing Officer's issuance of a reprimand, can be attributed to NYCHA. Therefore, the Hearing Officer's comment and adverse determination cannot support a viable claim of retaliation against NYCHA pursuant to Title VII or the NYSHRL. See, e.g., Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754-59 (1998) (explaining that employers may be subject to "vicarious liability" under Title VII only for certain acts of their agents and employees, based on "principles of agency law"); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 72 (1986) ("Congress' decision to define 'employer' to include any 'agent' of an employer, 42 U.S.C. § 2000e(b), surely evinces an intent to place some limits on the acts . . . for which employers under Title VII are to be held responsible.").

The plaintiff argues that the Hearing Officer was in fact an agent or employee of NYCHA at the time of the plaintiff's Local Hearing, relying on general references to hearing officers and arbitrators for other administrative agencies. But the plaintiff offers no evidence that a hearing officer under the specific CBA between the plaintiff's union and NYCHA qualifies as an employee or agent of NYCHA, and the provisions of the CBA make it clear

that such an employee or agency relationship does not exist. The plaintiff also argues that the decision to bring the disciplinary charges against the plaintiff was retaliatory, a contention that this Court already rejected in its prior Opinion on the motion for summary judgment. See March 2021 Opinion, 2021 WL 1109842, at *18 (concluding that the plaintiff had failed "to support an inference of retaliatory animus for the decision[] to charge [her] for . . . the June 2017 Local Disciplinary Hearing," and that "the defendants have provided legitimate, non-retaliatory justifications for . . . the decision to bring [those] charges"). Finally, the plaintiff argues that NYCHA was at fault for its failure to contest or correct the determination rendered at the Local Hearing. The CBA, however, makes it plain that the Hearing Officer's decision was not subject to appeal or challenge, and NYCHA was contractually obligated under the CBA to adhere to the ruling made at the Local Hearing. See CBA § 40(c)(iii), (viii).[4]

This decision disposes of the remaining retaliation claim under Title VII, meaning that all of the federal claims in this case have been dismissed. Generally, "in the usual case in which all federal-law claims are eliminated before trial, the balance

---

[4] The parties' papers contain additional arguments that are unrelated to the specific question of "why the alleged comment by the hearing officer cannot support a judgment for the plaintiff against NYCHA as a matter of law." ECF No. 179. Because the Court authorized supplemental summary judgment briefing solely with respect to that limited issue, the parties' unrelated arguments are not addressed in this Memorandum Opinion and Order.

of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). However, in this particular case, those factors counsel in favor of exercising jurisdiction over the remaining NYSHRL retaliation claim and dismissing it on the merits as well. Until August 2019, when the NYSHRL was amended, "claims under the NYSHRL were evaluated under the same standards that govern Title VII claims." Europe v. Equinox Holdings, Inc., No. 20-cv-7787, 2022 WL 4124763, at *7 n.10 (S.D.N.Y. Sept. 9, 2022), reconsideration denied, 2022 WL 16949864 (S.D.N.Y. Nov. 15, 2022). And, while the August 2019 amendments direct courts to construe the NYSHRL "liberally for the accomplishment of the remedial purposes thereof," regardless of whether "comparably" worded federal civil rights laws "have been so construed," N.Y. Exec. Law § 300, courts agree that this broader standard does "not apply retroactively," Europe, 2022 WL 4124763, at *7 n.10 (collecting cases); see, e.g., Pease v. City of New York, No. 19-cv-7693, 2021 WL 2651400, at *6 n.3 (S.D.N.Y. June 28, 2021) ("Significantly, . . . these [NYSHRL] amendments only apply to claims that accrue on or after the effective date[.]"). Because the plaintiff's NYSHRL retaliation claim in connection with the June 2017 Local Hearing plainly accrued before the August 2019

amendments, that claim remains subject to the same standards that apply to the Title VII claim. See Pease, 2021 WL 2651400, at *6 (articulating the same legal standards "for Title VII claims and for NYSHRL claims that pre-date October 11, 2019").[5] Accordingly, considerations of judicial efficiency weigh in favor of exercising jurisdiction over the NYSHRL claim and dismissing it along with the Title VII claim. See, e.g., Vuona v. Merrill Lynch & Co., 919 F. Supp. 2d 359, 393 (S.D.N.Y. 2013) (concluding that "judicial economy, convenience, fairness, and comity favor[ed]" exercising supplemental jurisdiction to dismiss pre-amendment NYSHRL claims, because "[by] virtue of resolving [the] [p]laintiffs' Title VII claims, the Court ha[d] in fact resolved their NYSHRL claims"); see also Nunez v. N.Y. State Dep't of Corr., No. 14-cv-6647, 2017 WL 3475494, at *4 (S.D.N.Y. Aug. 11, 2017) (exercising jurisdiction to dismiss a pre-amendment NYSHRL retaliation claim because, "given the Court's [dismissal of the] Title VII claim, it would be the height of inefficiency to defer a decision on [the] NYSHRL claim"), aff'd, 762 F. App'x 65 (2d Cir. 2019).

---

[5] While courts have consistently held that the NYSHRL amendments do not apply retroactively, "courts have arrived at different conclusions with respect to the amendments' effective dates"; some have referred to an effective date of October 11, 2019, while others have determined that certain portions of the amendments went into effect earlier, "on the signing date, August 12, 2019." Europe, 2022 WL 4124763, at *7 n.10 (collecting cases). This discrepancy is immaterial here, because the plaintiff's NYSHRL retaliation claim related to the June 2017 Local Hearing accrued long before the NYSHRL amendments were passed by the state legislature (in June 2019) and signed by the governor (in August 2019). See Pease, 2021 WL 2651400, at *6 n.3.

9

In contrast, NYCHA agrees that the Court should decline to exercise supplemental jurisdiction over the remaining NYCHRL retaliation claim and should instead dismiss that claim without prejudice. See Carnegie-Mellon Univ., 484 U.S. at 350. That is appropriate here because the legal standards under the NYCHRL differ from those under Title VII, and accordingly, "courts must analyze NYCHRL claims separately and independently." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013); see Nunez, 2017 WL 3475494, at *4 (declining "to exercise supplemental jurisdiction over [the] claims under the NYCHRL, which are subject to a different standard," and explaining that the "NYCHRL claims present questions 'best left to the courts of the State of New York'" (quoting Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001))). Thus, the Court declines to exercise supplemental jurisdiction over the NYCHRL retaliation claim arising out of the alleged comment and adverse ruling of the Hearing Officer at the June 28, 2017 Local Hearing. That NYCHRL claim is dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, NYCHA's supplemental motion for summary judgment is **granted.** Taking this

Memorandum Opinion and Order and the March 2021 Opinion together, all of the plaintiff's claims in this case have been **dismissed with prejudice**, except for the plaintiff's claim of retaliation based on the alleged comment at and the result of the June 28, 2017 Local Hearing under the NYCHRL, which is **dismissed without prejudice** for lack of subject matter jurisdiction. The Clerk of Court is therefore directed to enter judgment dismissing this action. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         **April 3, 2023**

                                          _____
                                          **John G. Koeltl
                                          United States District Judge**